IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 JUN 23 P 3:37

CLERK'S OFFICE
AT GREENBELT

BY _____ DEPUTY

DEBBIE COGHILL,        *

       Plaintiff,        *

v.        Case No.: GJH-14-2767

       *

BOARD OF EDUCATION OF
PRINCE GEORGE'S COUNTY,

       *

       Defendant.

       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Debbie Coghill initiated this suit against her former employer, Defendant Board of Education for Prince George's County (the "School Board") for alleged violations of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964. In a previous Memorandum Opinion, the Court granted summary judgment in favor of Defendant. Now pending before the Court is Plaintiff's Motion for Extension of Time to File Motion for Reconsideration, ECF No. 66, Plaintiff's Motion for Reconsideration, ECF No. 69, and Plaintiff's Motion to Withdraw as Attorney, ECF No. 67. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Extension of Time is granted, the Motion for Reconsideration is denied, and the Motion to Withdraw as Attorney is granted.

I.  **BACKGROUND**

The background facts of this case were fully set forth in the Court's previous Memorandum Opinion. ECF No. 63 at 1–5.[1] Debbie Coghill, a former employee of the School Board, suffers from decreased vision and experienced a work place injury in November 2013. *See id.* at 2–3. Unsuccessful efforts to bring Ms. Coghill back to work led to this dispute and Coghill's eventual termination from the School Board's employment in December 2015. *See id.* at 4–5. Plaintiff originally filed this lawsuit in August 2014, ECF No. 1, and an Amended Complaint on July 30, 2015. ECF No. 23. Plaintiff alleged claims of failure-to-accommodate under the ADA, hostile work environment based upon disability, and retaliation. *See id.*

Defendant School Board moved for summary judgment on August 8, 2016. ECF No. 49. The Court held a Motion Hearing on March 13, 2017. ECF No. 62. On March 17, 2017, the Court issued its Memorandum Opinion and Order, granting summary judgment for Defendant on all counts. ECF No. 63. Plaintiff timely moved for an extension of time to file a motion for reconsideration on March 28, 2017, ECF No. 66, which the Court now grants. Plaintiff filed her Motion for Reconsideration on March 31, 2017. ECF No. 69. Defendant has responded in opposition, ECF No. 71, and the Court now denies Plaintiff's Motion for Reconsideration. Finally, the Court grants the Motion to Withdraw as Attorney.

II.  **MOTION FOR RECONSIDERATION**

   A.  **Standard of Review**

Rule 59(e) allows a party to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e); *see also Ford v. United States*, No. GJH-11-3039, 2016 WL 3430673, at *1 (D. Md. Mar. 16, 2016). One purpose of Rule 59(e) is to

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

"permit a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal citation omitted). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac Ins. Co.*, 148 F.3d at 403 (citation omitted). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (citation omitted). "[M]ere disagreement" with the court's ruling does not support a motion to alter or amend the judgment. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Such limitations are necessary because "[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir. 2005) (quoting *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001)).

The Fourth Circuit recognizes only three grounds on which a court may alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co.*, 148 F.3d at 403). Plaintiff's motion focuses on the last two. "Clear error or manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . .'" *Wagner v. Warden*, No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (quoting *King v. McFadden*, 2015 WL

4937292, at *2 (D.S.C. August 18, 2015)). To proceed based on newly discovered evidence, the party moving for reconsideration must demonstrate that:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried . . .

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989). "Thus, in order to support a motion for reconsideration, the movant is *obliged* to show not only that this evidence was newly discovered or unknown to it until after hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." *Id.* (internal citation omitted) (emphasis in original).

### B. Analysis

Here, Plaintiff contends that she "has obtained new evidence not available at the time of summary judgment." ECF No. 69. Specifically, Plaintiff points to 1) a class action grievance involving the denied use of an employee sick leave bank and 2) the "actual policy" from the Transition to Work Program ("TWP"). *See id.* at 1; ECF No. 69-2 at 1; ECF No. 69-5 at 1. Plaintiff fails to establish that either of these documents constitutes new evidence warranting reconsideration of the Court's decision. *See Boryan*, 884 F.2d at 771. The grievance was brought against the School Board nearly four years prior to the Court's resolution of the motion for summary judgment, *see* ECF No. 69-2 at 1 (showing date of submission as July 1, 2013), and while Plaintiff claims that she "just obtained" the TWP policy, she does not allege that it is new or would not have been available to her had she exercised reasonable diligence in locating it.[2] *See Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 404 (4th Cir. 1998) (noting that party

---

[2] Indeed, as indicated by Defendants, the Transition to Work Program appears to be accessible on the Defendant's website.

must produce a "'legitimate justification' for not presenting the evidence during the earlier proceeding.").

That Ms. Coghill "had never heard about the transition to work program until she received a letter from Defendant" in April 2014, ECF No. 74 at 5, has no bearing on whether this evidence was attainable when Plaintiff previously litigated the summary judgment motion. *See, e.g., Randolph v. ADT Sec. Servs., Inc.*, No. CIV.A. DKC 09-1790, 2012 WL 273722, at *3 (D. Md. Jan. 30, 2012) (denying motion to reconsider where purported "newly-discovered" evidence was previously attainable and losing party "simply did not locate it prior to that time"). Likewise, the attachment of an additional affidavit from former President of the Union, Shirley Adams, describing the TWP positions, *see* ECF No. 69-1 at 1–2, provides nothing that was not available to Plaintiff previously, nor does it constitute evidence that is likely to produce a new outcome in this case.[3]

To the extent that Plaintiff attempts to re-litigate her ADA claim based upon the interactive process and Plaintiff's vision, the Court already reviewed the record in its entirety and found that, as a matter of law, Plaintiff was not a qualified individual able to perform the essential functions of her position. ECF No. 63 at 9–14. The Court further found that the School Board met its burden with respect to the interactive process, and did not refuse to provide Plaintiff with reasonable accommodations. *Id.* at 14–15. A motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." *Sanders v. Prince George's Public School System,* No. RWT 08cv501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011) (citing *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th

---

[3] The Court previously reviewed and considered an affidavit from Shirley Adams regarding the Transition to Work Program. ECF No. 53-5 at 10–12.

Cir. 2002)) (internal alterations omitted). Here, to the extent Plaintiff makes arguments beyond the alleged newly discovered evidence, Plaintiff merely disagrees with the Court's ruling, and fails to provide a sufficient basis for reconsideration of the decision.

Finally, Plaintiff attempts to revisit Defendant's Motion to Strike, which was denied as moot, and asks the Court to "view the contents of the August 9, 2016" filing. ECF No. 69 at 5. This request fails for the simple reason that, while the Court deemed Plaintiff's supplement to be untimely, the Court did in fact deny the motion to strike and reviewed the materials in the supplement. *See* ECF No. 63 at 20 ("out of abundance of caution, the Court has reviewed the materials in the Supplement and finds that nothing included in the Supplement would have altered the outcome stated herein.") To the extent Plaintiff believes the Court should have reached a different conclusion based on these materials, Plaintiff merely disagrees with the Court.

### III. MOTION TO WITHDRAW AS ATTORNEY

On March 27, 2017, following the issuance of its Opinion granting summary judgment, the Court received personal correspondence from Debbie Coghill by mail, asking the Court to "reconsider the merits of [her] case and allow it to proceed." The Court placed the letter on the docket for this case. ECF No. 65. Plaintiff's counsel, C. Sukari Hardnett, subsequently sent Ms. Coghill a notice of intent to withdraw as counsel of record, citing the "ex parte communication" and resulting damage to the attorney-client relationship as grounds for withdrawal. *See* ECF No. 67-1 at 1. Ms. Hardnett then filed with the Court a Motion to Withdraw as Attorney to be effective April 10, 2017. ECF No. 68. Ms. Coghill objected to the withdrawal of Ms. Hardnett, stating that such withdrawal would cause "irreparable damage to her case," that Ms. Hardnett was the only attorney willing to take her case, and that Ms. Coghill would view the withdrawal

6

as "abandonment." ECF No. 68 ¶¶ 2, 4. After requesting leave to withdraw, Ms. Hardnett nonetheless filed the motion to reconsider, consistent with Plaintiff's wish. ECF No. 69.

The Court has wide discretion in ruling on a motion to withdraw. *Classen Immunotherapies, Inc. v. Biogen Idec*, No. CIV. WDQ-04-2607, 2014 WL 2069653, at *6 (D. Md. May 14, 2014) (citing *Patterson v. Gemini Org., Ltd.*, No. 99–1537, 2000 WL 1718542, at *2 (4th Cir. Nov. 17, 2000)). The withdrawal of appearance by an attorney for an individual is governed by Local Rule 101.2(a), which provides:

> [A]ppearance of counsel may be withdrawn only with leave of court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel. . . .

Loc. R. 101.2(a). The withdrawal of an attorney is also governed by the Maryland Rules of Professional Conduct, which provide that a lawyer may withdraw from representing a client if "withdrawal can be accomplished without material adverse effect on the interests of the client." Md. Rules Attorneys Rule 19-301.16(b)(1); *see also Abbott v. Gordon*, No. CIV.A. DKC 09-0372, 2010 WL 4183334, at *2 (D. Md. Oct. 25, 2010).

Here, Plaintiff's counsel complied with Local Rule 101.2(a) by filing an appropriate Motion with the Court, and attesting that she notified Ms. Coghill of her intent to terminate the attorney-client relationship and of "the need to seek counsel immediately and of all upcoming deadlines." ECF No. 67 at 1. Additionally, there is no materially adverse effect on Ms. Coghill by the withdrawal of Ms. Hardnett, because the Court is denying the motion for reconsideration, and the matter will be concluded. *See Respess v. Travelers Cas. & Sur. Co.*, No. CIV.A. ELH-

10-2937, 2011 WL 1344137, at *5 (D. Md. Apr. 7, 2011) (noting that withdrawal of attorney would not unduly prejudice plaintiff when case had already concluded). Thus, with the Motion to Reconsider having been filed and denied, and a Notice of Appeal having already been filed, the Court will now grant the Motion to Withdraw.

IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Extension of Time is granted, the Motion for Reconsideration is denied, and the Motion to Withdraw as Attorney is granted. A separate Order shall issue.

Date: June 23, 2017

GEORGE J. HAZEL
United States District Judge